Walter R. Hart, J.
The parties hereto, on September 4,1956, entered into an agreement for the sale of real property. Pursuant thereto plaintiff deposited $1,000 as a down payment. The contract provided that in the event ‘‘ the lending institution and/or V. A. and/or P. H. A.” refused approval of the application of a $12,700 mortgage, on terms described in the contract, it was to become void and the deposit returned.
In the affidavits submitted in support of the instant motion plaintiff avers that while the application for the mortgage ivas pending his employment as a real estate salesman was terminated; that he notified the bank to whom the loan application was made of this fact and thereupon the loan was refused.
In opposition to this motion defendant’s counsel in an affidavit states ‘1 Information was received by the defendant herein that in actuality the plaintiff was still gainfully employed by the same employer from which he allegedly claims to have been discharged at the time of the commencement of the action.” This is a completely conclusory, hearsay statement. There is no affidavit by the person purporting to have received the information or its source. On the other hand, plaintiff in a reply affidavit states that upon termination of his employment as a real estate salesman he returned to his vocation as a barber and details the various places of his employment as such since then. This is not a situation where the facts Avith respect to plaintiff’s *98 termination of employment as a real estate salesman are within his peculiar knowledge. The facts are available from the Department of State of the State of New York, Division of Licenses.
Defendant also urges the specious argument that the loan was not disapproved but was “ suspended”. The fact remains that the agreement was conditioned upon approval.
The motion for summary judgment is granted. Submit order.